# The City of Salem.

*(District Court, D. Oregon. March 4, 1882.)*

1. PLEADING—SUFFICIENCY OF AN ANSWER.
   *Semble* that an allegation in an answer that the respondent is "ignorant" of a matter alleged in the libel is sufficient.

2. VESSELS—LIEN FOR LABOR—HOME PORT—STATE LAW.
   The libel alleged that S. contracted with R., the owner of a steam-boat, to repair her in her home port, and employed the libellants to work at said repairs as ship carpenters. *Held,* that upon the facts stated, and under the lien law of Oregon, (Sess. Laws 1876, p. 9,) which gives a lien upon a boat for the value of labor done thereon at the request of a contractor with the owner, the libellants had a lien for their wages which might be enforced in the admiralty in a suit *in rem*, irrespective of the state of the accounts between S. and R., or the failure of S. to fully perform his contract.

3. LIEN OF MATERIAL-MAN—NATURE AND WAIVER OF.
   The lien of the material-man, under the Oregon act, does not depend upon any expressed intention or conscious purpose on his part to claim it, but it is an incident which the law attaches to the performance of the labor or the delivery of the materials under the circumstances stated, and can only be waived or discharged by an agreement or understanding with him to that effect.

*David Goodsell*, for libellants.

*William H. Effinger*, for respondent.

DEADY, D. J. This suit is brought to enforce a lien in favor of the libellants against the steam-boat City of Salem, a vessel engaged in the navigation of the waters of this state, and owned, enrolled, and licensed at this port.

The libel alleges that during the months of November and December, 1881, and January, 1882, said vessel was in the lawful posses-

sion of J. F. Steffen, for the purpose of being repaired; that during those months the libellants, Charles Nelson, Peter Johnson, and Jonas Carlson, at the request of said Steffen, worked upon said boat as ship carpenters "at the agreed rate of wages" of four dollars per day,—Nelson for 48 days, Johnson 22 days, and Carlson 29 days; that there is due said libellants on account of said labor as follows: To Nelson $192, to Johnson $88, and to Carlson $116, no part of which has been paid, and for which they each claim a lien upon said boat under the laws of Oregon and under the general admiralty law.

The respondent, William Reid, answering the libel, says in article 1 that the boat belongs to respondent, and was only in possession of Steffen to be repaired upon a contract between them, but that said Steffen was not the agent of said owner "for the purpose of procuring any work or labor" on said boat, nor for any "purpose save that of executing the work he had contracted to do." In article 2 the respondent says that he is "ignorant" of the employment of the libellants upon the boat, and their claim to a lien thereon for their labor. The third article states, in effect, that Steffen abandoned his contract and the respondent was compelled to finish said repairs, and that there is now due said Steffen thereon the sum of $927.50, which sum the respondent is willing to pay to the creditors of the latter entitled thereto, but is prevented from so doing by the process of the state circuit court issued at the suit of Steffen's creditors, and asks that the respondent be discharged without costs. The libellants except to the second article of the answer as insufficient, and to the third article, and so much of the first as states that Steffen was not the agent of the respondent to employ the libellants, for impertinence.

The exception for insufficiency is disallowed. When a respondent has no knowledge concerning the matter contained in any article of a libel, according to the precedents, it seems that it is sufficient to say that he is ignorant thereof; though I think it would be well to require him also to state what his belief about the matter is, as in answer in chancery. Ben. Adm. § 473.

The contract of a material-man is a maritime one, and may be enforced in admiralty. Ben. Adm. §§ 267, 268; *The St. Lawrence,* 1 Black, 522; *The Eliza Ladd,* 3 Sawy. 519. All persons who are employed to repair a vessel or do work upon her are material-men within this rule. 1 Pars. Ship. & Adm. 141; Ben. Adm. §§ 267, 268. By the general maritime law material-men have a lien upon the vessel for the services or supplies furnished by them; but by the admiralty law of the United States, as expounded by its courts, ma-

terial-men have no lien for services or supplies furnished a vessel in her home port unless given by the local law; but when so given such lien may be enforced in the admiralty. *De Lovio* v. *Boit*, 2 Mas. 414; *The Planter*, 7 Pet. 324; *The Harrison*, 1 Sawy. 353; *The Gen. Smith*, 4 Wheat. 438; *The Lottawanna*, 21 Wall. 579; *The Canada*, 7 FED. REP. 732. The only other question arising upon these exceptions is, have the libellants a lien upon the vessel for their services by the local law,—the law of Oregon?

By the act of October 19, 1876, (Sess. Laws, 8,) section 17 of the act of December 22, 1853, (Or. Laws, 656,) "concerning the liens of mechanics, laborers, and other persons," was amended so as to provide, among other things, that "every boat or vessel used in navigating the waters of this state   *   *   *   shall be liable and subjected to a lien   *   *   *   for all debts due to persons by virtue of a contract, expressed or implied, with the owners of a boat or vessel, or with the agents, *contractors*, or subcontractors of such owner, or any of them, or *with any person having them employed* to construct, repair, or launch such boat or vessel, on account of labor done, or materials furnished, by mechanics, tradesmen, or others, in the building, repairing, fitting and furnishing, or equipping such boat or vessel.   *   *   *" Prior to this amendment the act only gave a lien for the value of labor or materials done or furnished in pursuance of a contract with "the master, owner, agent, or consignee" of the boat. But, when done or furnished for a *contractor*, not such "master, owner, agent, or consignee," the parties had no lien, and often lost the value of their labor or materials by the failure or dishonesty of the contractor. To remedy this evil the act was amended so as to give all persons a lien for labor or materials furnished in pursuance of a contract with any person authorized to employ labor or purchase materials to repair, fit, furnish, or equip a boat engaged in the navigation of the waters of this state.

The agent, contractor, or subcontractor, or the owner of a boat, is necessarily authorized, by the nature and terms of his agreement of employment, to procure the labor and materials necessary to accomplish what he is authorized by or contracted with the owner to do thereon or thereabout. The very general phrase in the amendment —"any person having them [material-men] employed to construct, repair," etc.—must be construed to mean any person having them so employed by the authority of the owner. For it cannot be supposed that the legislature intended that the "any person" mentioned in the

section applies to any one other than a person within the category of persons just before enumerated; that is, a person sustaining some relation to the owner that authorizes him to employ the labor or purchase the material in question.

A mere trespasser or intruder upon the boat of another surely cannot fasten a lien upon it for the value of labor and materials used in unauthorized repairs thereon.

As was said by this court in *The Augusta*, 5 Am. L. T. Rep. 495: " A person who puts work or materials into the ship of another as a mere trespasser or intruder, does not thereby become a material-man, entitled to a lien thereon for the value of such work or materials. But the consent of the owner may be implied from the circumstances of the case. For instance, when the respondent [the owner] contracted with Rutter to repair the vessel, it was necessarily implied that he might employ the libellants, and they might be so employed to work thereon. They are, therefore, not intruders or strangers to this vessel, but persons employed to work thereon with the implied consent of the owner. "

It is admitted by the answer that at the time alleged by the libellants that they labored on the City of Salem she was in the possession of Steffen under a contract with the respondent to repair her. This being so, he was authorized to employ the libellants to do any work upon her within the scope of his contract. Assuming that the libellants were employed by Steffen, and did the work on the boat, as they allege, they thereby acquired a lien thereon for the value of their labor. Neither is it necessary that they should, at the time of performing the labor, have expressed a purpose or consciously intended to claim a lien therefor upon the vessel. The law gives the lien upon the performance of the labor as a means of securing the payment for it. It is an incident which the law attaches to the transaction, and can only be waived or discharged by an agreement or understanding to that effect on the part of the person entitled to it.

These exceptions for impertinence are well taken. It matters not, so far as the claims of the libellants are concerned, what controversy exists between Steffen and his creditors, or how the respondent is involved in it—whether as garnishee or otherwise. If they performed the work on the respondent's boat, as they allege they did, they have a lien thereon for its value, irrespective of the state of the accounts between him and Steffen, and are entitled to maintain this suit to establish their claim, and enforce such lien by the sale of the boat. They are not creditors of the respondent, and the only relation

between him and them arises out of the fact that he is the owner of a boat upon which they claim a lien for labor. On that account he is entitled to contest the fact of the indebtedness, or to show that the lien given by the law therefor has been waived or discharged, or failing in these to discharge the lien by the payment of whatever sum is found due the libellants, and thereby prevent the sale of the boat.

The exception for insufficiency is disallowed, and the exceptions for impertinence are allowed.

See *The De Smet, ante,* 483, and note.